# Grieb v. Jefferson County Fiscal Court et al.

(Decided June 9, 1933.)

HARRIS W. COLEMAN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Prior to the enactment of chapter 85, p. 421, of the Session Acts of 1932, section 1550-17 of the 1930 Edition of Carroll's Kentucky Statutes, relating to primary elections for the nominations of candidates for office, prescribed that "separate ballot boxes shall be supplied for each party and the ballots cast shall be placed in the appropriate party boxes, but a ballot shall not be disqualified by reason of having been in the wrong ballot box."

What is known as the Brock-Gilbert Act (chapter 49 of the Session Acts of 1930), the object, purposes, and provisions of which are well known, took no cognizance of section 1550-17 of the primary election law, nor did any other act, by implication or otherwise, modify or qualify its requirement for separate ballot boxes for each political party in primary elections. The title to chapter 85 of the 1932 act says: "An Act to amend and re-enact Section 1550-17, Kentucky Statutes, Carroll's Edition, 1930."

The defendant, John P. Grieb, is the present county court clerk for Jefferson county, and among his duties appertaining to primary and general elections is the furnishing of ballot boxes to the various precincts of his county. The Brock-Gilbert Act having said nothing

about the old section 1550-17, supra, of our Statutes, and chapter 85 of the acts for 1932 having made no reference to any provisions of the Brock-Gilbert Act, defendant expressed a doubt as to his duties with respect to the furnishing of ballot boxes to the precincts of his county at the approaching primary election the first Saturday in August of the current year, and resolved it by determining and announcing that he intended to and would furnish a separate box for each political party participating in that primary election, notwithstanding he conceded and admitted that the single box for general elections that the fiscal court of the county has procured for each precinct, and which the county now owns, is of sufficient dimensions to contain all primary ballots that may be cast by such political parties, at such primary election. Whereupon plaintiff, the fiscal court of the county, filed this action against him in the Jefferson circuit court under the Declaratory Judgments Statute (Civil Code of Practice secs. 639a-1 to 639a-12) to determine the questions involved, and the learned trial judge held that only one ballot box was required to be furnished by defendant for each precinct on the primary election, and from that judgment defendant prosecutes this appeal.

The 1932 act (chapter 85, supra) in accordance with its title re-enacted the old section 1550-17 and entirely omitted therefrom its above inserted excerpt requiring the furnishing of separate ballot boxes for each political party participating in the primary election at each precinct, thus making the requirement for the furnishing of ballot boxes for primary elections the same as that prescribed for the holding of general elections, i. e., a single ballot box for the deposit of all ballots cast by members of all such political parties. In the case of National Bank of The Republic v. Current, 142 Ky. 352, 134 S. W. 479, there was presented to us for determination the identical question involved in this case. Prior to 1906 (chapter 22 art. 12, subd. 3 sec. 2), section 4216 of our then Statutes designated the purposes for which a note in order to be classified as a "Peddler's Note'" should be executed, and which included notes executed for "patent rights, or territory for the sale, use or manufacture of patent rights." In 1906 the section was re-enacted entirely omitting such quoted language, and it was held that notes executed for such considerations

after the taking effect of the latter act were not subject to the provisions of section 4216 defining "peddlers" and that they were not thereafter required to be indorsed with the words "Peddler's Note," notwithstanding section 4216 had not been repealed.

In other words, this court held in that case that when a section of the statute was amended and re-enacted, and in which re-enactment certain provisions were omitted from the amended section, the matters contained in such omitted language ceased to be the law. That holding was referred to with approval in the later case of L. & N. R. R. Co. v. Owens, 164 Ky. 557, 175 S. W. 1039, 1042, and in that opinion we said: "On the contrary, where an entire clause in an old statute is omitted from the new, it is the reasonable inference that the Legislature did not intend that the clause omitted should thereafter be embraced in the terms of the statute."

But, independently of those opinions it is manifestly correct to say that the re-enactment of section 1550-17 by the 1932 act was and is tantamount to an express repeal of the original requirement omitted from that section as re-enacted; and which also had the effect to impliedly repeal any provision of any other prior statute in conflict therewith. So that, it is our conclusion that the learned circuit judge correctly held that defendant as county court clerk of his county was required to furnish only one ballot box at each precinct for the reception of all ballots cast at the forthcoming primary election to be held in the county, upon condition, of course, that it be of such dimensions as to contain all the ballots cast at that precinct.

Wherefore, the judgment is affirmed.