Argued November 2, affirmed November 29, 1961

# MITCHELL *v.* GLADDEN
### 366 P. 2d 907

*Duane R. Ertsgaard,* Salem, argued the cause and submitted a brief for appellant.

*Harold W. Adams, Jr.,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McAllister, Chief Justice, and Rossman, O'Connell, Goodwin and Lusk, Justices.

O'CONNELL, J.

This is a proceeding brought under the Post-Conviction Hearing Act (ORS 138.510–138.670). Petitioner seeks an adjudication declaring invalid a judgment and sentence of the circuit court of Douglas county on October 14, 1955 and a judgment and sentence of the circuit court of Harney county on January 18, 1956. The petition alleges four grounds for relief, two of which have been abandoned on appeal.

The first question presented is whether petitioner was deprived of his constitutional rights in the course of the procedure under which he was sentenced following his conviction after a plea of guilty to the crime of robbery.[1] The petition for post-conviction relief contained the following allegation:

"That at the time of sentencing as alleged above, the plaintiff was eighteen years of age; that the District Attorney furnished the Court with a telegram purporting to be from the Federal Bureau of Investigation, wherein there was alleged information concerning the activities of the plaintiff when he was a juvenile and were not convictions of any crime, and therefore prejudicial to the plaintiff and not proper matters to bring before the Court; that the District Attorney further advised the Court that the plaintiff had holds placed against him

---

[1] Apparently petitioner relies upon ORS 138.530 (a) of the Post-Conviction Hearing Act which provides as follows:

"(a) A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

from other agencies, and this matter was prejudicial to the plaintiff, as these were not proof of other crimes of which the plaintiff had been properly convicted, but were mere accusations; that the Court then took these matters into consideration when passing sentence upon the plaintiff, and did not consider the plaintiff as a first offender; that said information given to the Court was not in conformity to ORS 137.080 and following."

Petitioner contends that in sentencing him for the crime of robbery it was improper to consider any judgment, order or other matter in any juvenile proceedings to which he had been subjected. For this proposition petitioner relies upon ORS 419.572[2] which provided as follows:

"419.572 The disposition of a minor by any juvenile court of this state, including any order, judgment or decree pertaining thereto, or any testimony or evidence given in any juvenile court hearing in this state, is incompetent evidence against such child in any other proceeding or cause, whether civil, criminal or otherwise, in any court of this state. No such evidence or testimony shall be given by the juvenile court to anyone for use against such child."

■ It is petitioner's position that the trial judge, in sentencing a mature criminal, is prohibited under ORS 419.572 from examining the criminal's juvenile record. The statute provides that the matters mentioned are incompetent evidence *"against such child"* and that "No such evidence or testimony shall be given by the juvenile court to anyone for use *against such child."* There is no proscription against the use of such evidence against a person after he has reached his ma-

_____

[2] ORS 419.572 was in effect at the time petitioner was sentenced. It was later repealed, effective January 1, 1960. Oregon Laws 1959, ch 432, § 59.

jority. The obvious purpose of the statute is to protect a child from the stigma of his wrongdoing in his effort to rehabilitate himself. When he is no longer a child and when it is demonstrated by his conviction that he has not rehabilitated himself, there is no longer any reason to preclude the use of the evidence in the juvenile proceedings for the purpose of fixing his sentence. We hold that the trial judge properly considered the petitioner's juvenile record and that no constitutional right was invaded.

■ The second ground relied upon by petitioner in invoking the Post-Conviction Hearing Act is that his sentence was for a fixed period of time (the sentence was for "a term of five years in the Oregon State Penitentiary") and not for an indeterminate period of time with a maximum term as required by ORS 137.120 (2).⑨ The imposition of a sentence for a specified period is to be construed as fixing the maximum period which is to be served under an indeterminate sentence.

The judgment of the lower court is affirmed.

---

⑨ Petitioner contends that ORS 138.530 (c) of the Post-Conviction Hearing Act was thus violated. That subsection provides as follows:

"(c) Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence."