**Richard MASSEY, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

June 27, 1969.

Stanley C. Lowicki, of O'Donnell, Hughes & Lowicki, Wilmington, for defendant below, appellant.

Jerome O. Herlihy, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, Chief Justice, and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

The question here is whether the Superior Court may properly consider the defendant's record in the Family Court when sentencing him as an adult in a robbery case. We hold that it may.

In the process of imposing sentence, the Trial Judge indicated that he had the defendant's Family Court record before him as part of the pre-sentence report; and that he had considered the contents of that record in formulating the sentence. Thereafter, the defendant moved

1. 10 Del.C., Ch. 9 is the New Castle County Family Court Act.

2. 11 Del.C. § 4331(b) provides:
"(b) Whenever an investigation by the Department is ordered by the court, the Department should inquire promptly into such things as the circumstances of the offense; the motivation of the offender; the criminal record, social history, behavior pattern and present condition of the offender. The report of the presentence investigation should include an evaluation of the offender's criminal con-

under Superior Court Criminal Rule 35, Del.C.Ann., for correction, reduction, or vacation of the sentence on the ground that the defendant's Family Court record was used illegally in the sentencing process. The motion was denied and the defendant appeals.

The defendant's contention is based upon 10 Del.C. § 982[1] which provides in sub-paragraph (b) that a child shall not be deemed a criminal or a convict by reason of an adjudication of the Family Court. In sub-paragraph (c), the Statute provides:

"(c) The disposition of any child under the provisions of this chapter, or any evidence given in such case shall not, in any civil, criminal or other cause or proceeding whatever in any court, be lawful or proper evidence against such child for any purpose whatever, except in subsequent cases concerning such child within the Family Court."

10 Del.C. § 982 was enacted in 1945. In 1964, however, the Pre-Sentence Report Statute[2] (11 Del.C. § 4331) was enacted, requiring all local and State agencies to make available to the Department of Corrections, for pre-sentence report purposes, such records as the Department may request.

We do not consider the Family Court Statute and the Pre-Sentence Report Act to be irreconcilable. By § 982(c), the use of a Family Court record of the "disposition of any child" is barred as "evidence against such child." The use of a Family Court record by a Superior Court

duct, and should note wherein the judicial alternatives of the court may play a role in the rehabilitation of the offender as a law-abiding citizen. All local and State agencies shall make available to the Department such records as the Department may request. The investigation should include physical and mental examination of the offender, when, in the opinion of the court it is desirable. As soon as practicable or as ordered by the court, the presentence report shall be forwarded to the sentencing judge of the court in each case."

Judge as part of the pre-sentence report in a case against an adult defendant does not fall within the proscription of § 982(c). Under those circumstances, the Family Court record is neither "evidence" (as it might be if used in the imposition of greater punishment because of previous conviction under 11 Del.C. § 3912) nor is is used against a "child." This literal and restricted application of § 982(c) is justified by our obligation to read the Statutes together and reconcile them, if reasonably possible. Wright v. Husbands, 36 Del.Ch. 416, 131 A.2d 322 (1957). We also justify a strict application by the concept we recognized in State v. Robinson, Del., 251 A.2d 552 (1969): the policy of the law in this area is to forgive, not to forget.

In the final analysis, § 982(c) could not stand if found to be irreconcilable with § 4331(b). The latter was enacted almost two decades after the former, and would prevail in any event.

Affirmed.