George L. JOHNSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16888.

Court of Criminal Appeals of Oklahoma.

Nov. 9, 1971.

Bill Hensley, Lawton, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Frank Muret, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

George L. Johnson, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Comanche County, Oklahoma for the offense of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor. His punishment was fixed at ten (10) days confinement in the county jail and a fine of $100, and from said judgment and sentence, a Writ of Certiorari has been timely perfected to this Court.

■ The first proposition asserts that the District Court of Comanche County failed to fully advise the defendant of the consequences of his plea of guilty, and therefore deprived the defendant of the due process of law and kept the defendant from making an informed plea of guilty. The defendant candidly admits that the trial court advised the defendant of the minimum and maximum punishment, but argues that the court's failure to inform the defendant of the mandatory revocation of his driving privileges, resulted in an uninformed and unintelligent waiver of his constitutional right to a jury trial. In the land mark case of Copenhaver v. State, Okl.Cr., 431 P.2d 669 (1967), we stated:

"In all future cases where there is a plea of guilty, the procedure above set forth should be followed; provided, however, that prior to accepting a plea of guilty, the defendant should be informed of the nature and consequences of such plea [1], * * *."

We further stated in footnote one:

"In this connection the judge should advise the defendant of the minimum and maximum punishment provided by law for the crime of which the accused stands charged."

We decline to expand the rule that a defendant must be advised of the collateral consequence that his license would be revoked as falling within the "nature and consequences of such plea." In United States v. Cariola, 3 Cir., 323 F.2d 180 (1963), the Court stated:

"To hold that no valid sentence of conviction can be entered under a plea of guilty unless the defendant is first apprised of all collateral legal consequences of the conviction would result in a mass exodus from the federal penitentiaries."

We, therefore, find this proposition to be without merit.

■ The final proposition contends that the trial court abused its discretion in failing to allow the defendant to withdraw his plea of guilty and enter a plea of not guilty. We have carefully examined the evidence presented at the defendant's motion to withdraw his plea of guilty, and are of the opinion that the defendant was substantially advised of his right to counsel, and if indigent, his right to court-appointed counsel, his right to a jury trial, and further, was informed of the nature and consequences of a plea of guilty. We further observe that by the defendant's own testimony he had been incarcerated previously on three occasions and was "fairly well" familiar with court procedures. We have previously held that the granting or

denying of permission to withdraw a plea of guilty in substitute of a plea of not guilty is a matter within the sound discretion of the trial court, and the action will be upheld unless an abuse of such discretion clearly appears from the records. Harvey v. State, Okl.Cr., 458 P.2d 336 (1969). We are of the opinion that the Record in the instant case does not reflect that the trial court abused its discretion.

The judgment and sentence is accordingly affirmed.

BRETT, J., concurs.