Lewis Eugene **LAUEN**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. C–73–190.

Court of Criminal Appeals of Oklahoma.

Oct. 15, 1973.

Bob R. Scarbrough, Altus, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Joe Crosthwait, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

In the District Court, Jackson County, Case No. CFR–73–62, appellant, Lewis Eugene Lauen, hereinafter referred to as defendant, was charged, tried and convicted upon his plea of guilty for the offense of Burglary of an Automobile. His punishment was fixed at two (2) years imprisonment, one of which was suspended. On an application for a Writ of Certiorari was filed with this Court and in an order dated August 3, 1973, this Court granted appellant a review of his guilty plea.

The record before this Court reveals that on July 12, 1973, defendant, eighteen years of age, appeared at preliminary hearing, and, after evidence was received by the court, defendant waived further hearing and tendered a guilty plea. Prior to the court's receiving defendant's plea, and with retained counsel present, the court thoroughly informed defendant of the nature and consequences of his plea, his right to a jury trial, his right to a confrontation of witnesses, the presumption of his innocence, and his privilege of maintaining his silence. Following the court's advice, defendant waived these rights and entered an unqualified plea of guilty for the reason that he was guilty. Thereafter, the court entertained arguments from both State and defense in mitigation of this sentence. In-cluding in the prosecutor's argument to enhance defendant's punishment was a detailed summary of defendant's juvenile record at which time he concluded his argument with a recommendation of a five (5) year prison sentence or, in the alternative, a seven (7) year sentence suspended upon his good behavior. Defense counsel in mitigation requested a two (2) year suspended sentence. At a hearing following a plea of guilty, defendant moved to withdraw his guilty plea.

Defense counsel submits the judgment and sentence should be vacated and the case remanded for the reason the prosecutor, during mitigation arguments, commented upon the juvenile record of defendant, a comment prohibited by 10 O.S.1971, § 1127. Before determining whether this argument is prohibited by the above section of the statute, it is first necessary to note, as previously mentioned in this opinion, the court adequately advised defendant of his pre-guilty plea rights. See Copenhaver v. State, Okl.Cr., 431 P.2d 669 (1967); Tipton v. State, Okl.Cr., 498 P.2d 429 (1972); and, Johnson v. State, Okl.Cr., 490 P.2d 1130 (1971). Consequently, defendant's plea of guilty is founded on a legally sufficient predicate. It is within the discretion of the trial court to permit withdrawal of a legally sufficient plea of guilty and unless there is a clear abuse of discretion, this Court will not vacate a judgment and sentence predicated on such a plea. Gilmore v. State, Okl.Cr., 461 P.2d 992 (1969) We find no abuse of discretion in the trial judge's refusal to allow the withdrawal of the plea of guilty. Consequently, the conviction must stand. Counsel's argument, if accepted, can only be considered a challenge to the punishment imposed on the basis of the purportedly improper comments.

Considering counsel's argument, the prosecutor's comments on defendant's

**580**

juvenile record are statutorily prohibited, we note 10 O.S.1971, § 1127, which in pertinent part states as follows:

"(a) A disposition of any child under this Act, or any evidence given in such cause, shall not in any civil, criminal or other cause or proceeding in any court be lawful or proper evidence against the child for any purpose whatever, except in subsequent cases against the same child under this Act."

In considering these comments in light of the quoted portion of the above statute considered as a whole, we find the use of any comment upon defendant's juvenile record for any purpose, in a civil or criminal proceeding, outside of the juvenile process is prohibited. For that reason we find the court erred in entertaining arguments, including comments upon defendant's juvenile record. They are not a proper consideration in the assessment of the punishment to be imposed upon defendant. Although the above section of the statute refers to "evidence given in such cause," it is this Court's opinion the language "for any purpose whatever" prohibits the use of these records in an argument. Consequently, the manifestation of a juvenile record influencing an imposed punishment will be grounds for modification.

In light of the fact the minimum punishment was imposed in the case at bench, coupled with the fact that this Court has no authority to modify a sentence to a term less than the minimum penalty provided by law, the judgment and sentence and punishment imposed will be affirmed. We would, however, request the trial court to again consider 22 O.S.1971, § 994 in light of the punishment it has imposed in the case at bench.

The judgment and sentence is affirmed.

BRETT and BUSSEY, JJ., concur.