ROBERT JAMES JEWELL *v*. STATE OF INDIANA.

[No. 374S71. Filed April 19, 1974.]

*Charles W. Newell,* Public Defender, *James R. Fleming,* Deputy Public Defender, *O'Mahoney, Mahoney, Simmons & Fleming,* of Kokomo, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—Defendant appeals from his jury conviction for Second Degree Murder. Since the sufficiency of the evidence is an issue raised, we must consider the evidence most favorable to the jury's verdict. *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N. E. 2d 686 at 695 and cases cited therein. The facts are that the defendant, who was in his early twenties, was one of a group of four men drinking in a tavern on October 18, 1972. Three of the group decided to rob the fourth, a man over fifty years of age, who seemed to have a large amount of money that night. The group drove into the country, parked, and demanded the money. When the victim started to leave the car, the defendant grabbed at him and another member of the group pulled a pistol and fired three times. One of the shots wounded the victim. The defendant and the other two assailants then began beating and kicking the victim. The

three drove off. The victim died the next morning at his mother's house as a result of the injuries inflicted upon him by all three assailants. Medical testimony established that either the gunshot wound or the beating, which produced a fractured skull, would have, even absent the other, caused the death of the victim.

Defendant's first ground for review is that the evidence was insufficient for a finding of the elements of intent and malice, which are necessary elements of second degree murder. Defendant does not dispute the well-settled principle that the elements of intent and malice may be inferred generally from the circumstances of the crime or specifically from the use of a deadly weapon. *Helms* v. *State* (1968), 251 Ind. 335, 241 N. E. 2d 244; *Baker* v. *State* (1964), 245 Ind. 129, 195 N. E. 2d 91; *Miller* v. *State* (1962), 242 Ind. 678, 181 N. E. 2d 633. However, Defendant urges that since not he but another of the group fired the pistol, he, the Defendant, is responsible only for the blows inflicted by his own fists. Defendant's argument is that if the cause of death was the gunshot wound, then Defendant was not responsible, and if the cause of death was a fractured skull then the use of fists does not allow an inference of a specific malicious intent to kill. We note that in certain circumstances a bare-handed beating *can* permit just such an inference. *Corbin* v. *State* (1968), 250 Ind. 147, 237 N. E. 2d 376; *Stice* v. *State* (1950), 228 Ind. 144, 89 N. E. 2d 915. Indeed, we observe that in this case the situation was that three young men were beating and kicking an overweight man over fifty. Nevertheless, we do not need to decide this particular issue because Defendant misconceives the theory upon which his conviction rests.

The following instruction was given properly and without objection by the trial court:

"You are instructed that Section 9-102 *Burns' Indiana Statutes Annotated* defines the term Accessory Before the Fact. That statute reads as follows:

'Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal.' "

As we have previously said, this statute embodies "a fundamental principle of our criminal law" and "covers all felonies. . . ." *Cline* v. *State* (1969), 253 Ind. 264 at 267, 252 N. E. 2d 793 at 795. Thus, it is obvious that the jury could have reasoned that the victim died as a result of the gun shot wound, that the use of the pistol implies a malicious intent to kill, and that defendant as an accessory before the fact is responsible to the same extent as the principal.

Defendant's second contention is that certain photographs of the victim were admitted into evidence although merely cumulative of oral testimony and, therefore, their only function was "to excite the passions and prejudice of the jury because of their gruesome and shocking character." The admission of photographs is a matter within the discretion of the trial court, and we will not reverse absent an abuse of that discretion. *New* v. *State* (1970), 254 Ind. 307, 259 N. E. 2d 696; *Randolph* v. *State* (1954), 234 Ind. 57, 122 N. E. 2d 860. The use of photographs in criminal trials is an established technique for vividly conveying information to the jury. In *Kiefer* v. *State* (1958), 239 Ind. 103, 108, 153 N. E. 2d 899, 900, we explained that:

"Even though these photographs . . . may have been, to some degree, repetitious and cumulative, and are gruesome in character, they serve to elucidate and explain relevant oral testimony given at trial and they were properly admitted for the purpose of showing fully the scene of the crime, the nature of the wounds of the victim. . . ."

Defendant's final contention is that he was prejudiced at the sentencing because the trial Judge considered prior juvenile offenses of the Defendant. Defendant relies upon the following language contained in IC 1971, 31-5-7-15 [*Burns Ind. Ann. Stat.* § 9-3215 (Supp. 1973.)]:

> "No adjudication upon the status of any child in the jurisdiction of the court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of a crime in any court, except as provided in Section 14 (31-5-7-14) and Section 23 (31-5-7-24) of this Act. *The disposition of a child or any evidence given in the court shall not be admissible as evidence against the child in any case or proceeding in any other court*, nor shall disposition or evidence operate to disqualify a child in any future civil service examination, appointment, or application." (Defendant's emphasis)

As the State observes, the short answer to this claim is that the limitation in this statute applies to proceedings in which "a child" is involved. The instant criminal trial was not such a proceeding. We further observe that a pre-sentence report is required before sentencing, IC 1971, 35-41-4-9 [*Burns Ind. Ann. Stat.* § 9-2251 (Supp. 1973.)] and that "the convicted person's history of delinquency" is specifically authorized to be part of the pre-sentence report. IC 1971, 35-41-4-10 [*Burns Ind. Ann. Stat.* § 9-2252 (Supp. 1973.)].

For the reasons discussed, the judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported in 309 N. E. 2d 441.