STATE of Utah, Plaintiff and
Respondent,

v.

Michael McCLENDON, Defendant
and Appellant.

No. 16803.

Supreme Court of Utah.

May 16, 1980.

Cheryl A. Russell, Logan, for defendant
and appellant.

Robert B. Hansen, Atty. Gen., Earl F.
Dorius, Asst. Atty. Gen., Salt Lake City, for
plaintiff and respondent.

STEWART, Justice:

Defendant appeals from his conviction
upon a plea of guilty of burglary in viola-
tion of § 76–6–202.[1] Defendant was sen-
tenced to a term of one to fifteen years in
the Utah State Prison. On appeal defend-
ant contends that the trial court erred in
considering defendant's juvenile court rec-
ord at the time of sentencing and abused its
discretion in refusing to place defendant on
probation, at least in part because of his
prior juvenile court record. Defendant fur-
ther contends that the court erred in failing
to comply with § 77–35–9, which provides
as follows:

> Arraignment of defendant for judg-
> ment.—When the defendant appears for
> judgment he must be informed by the
> court, or by the clerk under its direction,
> of the nature of the charge against him,
> and of his plea and the verdict, if any
> thereon, and must be asked whether he
> has any legal cause to show why judg-
> ment should not be pronounced against
> him.

Prior to sentencing, defendant's counsel
requested that a pre-sentence report be pre-

1. All statutory references are to Utah Code Ann. (1953), as amended.

pared. The report contained details of prior juvenile court proceedings against the defendant. Defendant argues that § 78–3a–44 precludes consideration of juvenile court proceedings in the sentencing phase of a criminal case. That provision provides in pertinent part:

(1) Proceedings in children's cases shall be regarded as civil proceedings, with the court exercising equitable powers.

(2) An adjudication by a juvenile court . . . under section 78–3a–16 shall not be deemed a conviction of a crime, except in cases involving traffic violations . . . .

(3) Neither the record in the juvenile court nor any evidence given in the juvenile court shall be admissible as evidence against the child in any proceedings in any other court, with the exception of cases involving traffic violations.

■ Embodied in this statute is a policy of allowing a person to enter adult life free of a record of youthful indiscretions. An adjudication of delinquency is considered civil rather than criminal in nature and is not admissible as "evidence against the child in any proceedings in any other court." Accordingly, a record of delinquency is not admissible in the guilt phase of a trial even though it is relevant and material to the issues. Nevertheless, the limitation is only as to the use of the delinquency record as "evidence" and is not a bar to consideration in the sentencing phase of a criminal case.

■ With respect to pre-sentence investigations, § 76–3–404(1) specifically authorizes inquiry into "the defendant's previous delinquency or criminal experience," among other things. A sentence in a criminal case should be appropriate for the defendant in light of his background and the crime committed and also serve the interests of socie-

ty which underlie the criminal justice system. Although a juvenile court record is not considered a criminal record, it may reveal a pattern of law breaking as well as a defendant's response to previous rehabilitative efforts which bear directly upon the appropriateness of the sentence. In sum, we find no statutory or logical proscription against the inclusion of an adult defendant's juvenile history in the pre-sentence report and its consideration by the sentencing judge.[2]

■ Defendant also alleges noncompliance with § 77–35–9, which is set out above. He contends the trial court is required, at the time for sentencing, to inform the defendant of the nature of the charge, his plea, and the verdict thereon. At the time of pronouncing sentence, the trial judge did not recite all the above information to the defendant. However, the sentencing proceeding was a continuation of a prior sentence hearing. Although it would have been preferable for the court to have informed defendant of these facts in the continued proceeding, the defendant was adequately apprised of them in the initial proceeding.[3]

Section 77–35–9 also requires the trial judge to ask the defendant whether he has any cause why judgment should not be pronounced against him. Defendant claims that the trial court did not comply with this requirement. However, in the second sentencing proceeding the trial court stated to defendant at the time he appeared for sentencing: "Mr. McClendon, you previously had appeared before this court, the matter was continued at your request for the purposes of a pre-sentence report, to this time for sentencing . Anything you wish to state or your counsel prior to sentencing?" Defendant did not respond, but counsel for defendant presented circumstances to be

---

**2.** Other states that have considered this issue have also held that a prior juvenile court record may be taken into consideration by a judge in sentencing a person convicted of a crime. *State v. Corral,* 21 Ariz.App. 520, 521 P.2d 151 (1974); *Young v. State,* 553 P.2d 192 (Okl.Cr. 1976); *Mitchell v. Gladden,* 229 Or. 192, 366

P.2d 907 (1961); and *State v. Dainard,* 85 Wash.2d 624, 537 P.2d 760 (1975).

**3.** Defendant does not contend that his guilty plea was not made voluntarily or knowingly, as required by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

considered on behalf of defendant before sentence was pronounced. Viewing the sentencing procedure as a whole, there was substantial compliance with § 77–35–9.

Finally, defendant claims that the trial court erred in not placing the defendant on probation. Probation is a discretionary matter with the trial judge. *State v. Sibert*, 6 Utah 2d 198, 310 P.2d 388 (1957); *Demmick v. Harris*, 107 Utah 471, 155 P.2d 170 (1945). The trial judge clearly did not abuse his discretion in this case.

Affirmed.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.