Rodney SCHOOLER, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 30, 1981.

Discretionary Review Denied March 23, 1982.

Jack Farley, Public Advocate, Frankfort, G. Patrick Thompson, Brandenburg, for appellant.

Steven Beshear, Atty. Gen., Eileen Walsh, Asst. Atty. Gen., Frankfort, for appellee.

Before GUDGEL, HOWARD and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment entered May 29, 1981, which imposed a sentence of two years in the penitentiary after Schooler pled guilty to theft by unlawful taking.

The sole issue is whether KRS 532.050 permits a trial judge to consider an adult's juvenile record when imposing sentence for a felony.

Schooler argues that his juvenile records are privileged under KRS 208.350 and should not be considered in sentencing.

This Court affirms the judgment of the trial court.

The trial judge was correct in construing KRS 532.050 as the controlling law. The statute relied on by Schooler, KRS 208.350, was enacted in 1952 and has general applicability to cases involving juveniles. KRS 532.050 became effective in 1974, and is specific in permitting the inclusion of history of delinquency in presentence investigation reports. Where two statutes deal with the same subject matter, the one treating it in a particular manner is preferred over the general. This is true where the specific statute is the latter of the two. *Heady v. Commonwealth*, Ky., 597 S.W.2d 613 (1980).

The legislature is presumed to be aware of the law at the time of the enactment of any statute. *Commonwealth, Dept. of Banking and Securities v. Brown*, Ky., 605 S.W.2d 497 (1980). Therefore, the General Assembly was cognizant of KRS 208.350 when it enacted KRS 532.050 in 1974. It did not intend that the juvenile statute apply to presentence investigation reports. Consequently, the trial judge correctly interpreted KRS 532.050 as governing this matter and properly allowed the juvenile records in the presentence investigation report.

Most of the courts of this country which have considered this situation have taken the position that a juvenile record may be considered in sentencing the accused for an adult offense. Such a concept is in conformity with the view that sentencing should be tailored to the particular situation of the offense and the offender. The protection ordinarily accorded juvenile court records should not be invoked automatically. Rather, there should be a balancing between society's need for protection and its interests in obtaining the offender's rehabilitation potential. Annot., 64 A.L.R.3d 1291 at 1294 (1975).

The sentencing judge must have complete, reliable and accurate information on the offender's background in order to properly achieve the purpose of the sentencing law.

It is obvious that a juvenile court record may disclose unusual or antisocial behavior

as well as the methods previously used to correct such deficiencies. A number of other jurisdictions have adopted similar provisions. *Young v. State*, 553 P.2d 192 (Okl. Crim.App.1976); *People v. McFarlin*, 389 Mich. 557, 208 N.W.2d 504, 64 A.L.R.3d 1274 (1973); *Mitchell v. Gladden*, 229 Or. 192, 366 P.2d 907 (1961).

Although Schooler now argues that the juvenile record is unfair and prejudicial as well as being incomplete and inaccurate he had ample opportunity to respond and controvert it. KRS 532.050(4). The record reveals twelve arrests and several adjudications of delinquency as well as his attitude after being committed to two different boys' camps. The charged offenses included theft, terroristic threatening, burglary, robbery and assault. His adult record consists only of disorderly conduct and contempt of court. He was 19-years-of-age at the time of the proceedings.

The record indicates that the trial judge gave careful consideration to what he called the need of correctional treatment because of his prior criminal record and failure to benefit from previous probation.

It is the holding of this Court that KRS 532.050 authorizes a sentencing court to consider the juvenile record of an adult felon before imposing its sentence.

All concur.