Duker BOGARD, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 2, 1984.

As Modified Nov. 9, 1984.

Rehearing Denied Jan. 11, 1985.

Discretionary Review Denied and
Opinion Ordered Published by
Supreme Court April 24, 1985.

Richard Clay, Kevin L. Nesbitt, Clay &
Clay, Danville, for appellant.

Edward D. Hays, Sp. Asst. Atty. Gen., Sheehan, Barnett & Hays, P.S.C., Danville, for appellee.

Before HAYES, C.J., and REYNOLDS and DUNN, JJ.

DUNN, Judge.

Bogard was cited for DUI by Steve Tolson, who had been hired by the City of Danville as a police officer. The Boyle County District Court dismissed the charges based on the fact that Tolson was not a qualified voter in Boyle County wherein the City of Danville was contained and, therefore, did not qualify as policeman under KRS 95.440 and, therefore, was not qualified to issue citations. On appeal to the Boyle Circuit Court this judgment was reversed. Discretionary review to this court was granted.

The issues before us are: 1) Was Tolson a qualified police officer pursuant to the provisions of KRS 95.440, and 2) if he was not, was his citation of Bogard invalid so that it was appropriate to dismiss the charges against him? We find negatively on both issues and affirm the order of the Boyle Circuit Court on the appeal to it from the District Court.

In order to decide the first issue we must consider KRS 95.440(2) as it stood in 1968, the effective date of KRS 15.335, which we must also consider, and KRS 95.440 as it stood in 1980 when it was last amended.

■ In pertinent part KRS 95.440(2) that was in effect in 1968 was:

(2) Each member of the police or fire department in cities of the second and third classes shall be a qualified voter of the county containing the city of employment . . .

There being no constitutional provision to the contrary,[1] it was impliedly repealed by KRS 15.335 effective in 1968 which in its entirety was and still is as follows:

Residence or voting eligibility not to disqualify peace officer.—No person shall be disqualified from holding a position as a peace officer by reason of his residence or voting eligibility, except as provided in the Constitution.

However, effective July 15, 1980, KRS 95.-440(2) was amended and in pertinent part now is as follows:

(2) Each member of the police or fire department in cities of the second or third classes *and urban county governments* shall be a qualified voter in the county containing the city of employment, . . . (emphasis added)

Other than an addition of a new paragraph which has no application here, the only change resulting from the amendment was to add the emphasized words, "and urban county governments", to paragraphs (1), (2), (3), and (4), each of which dealt with qualifications or other rules pertaining to police and firemen.

The Commonwealth maintains KRS 15.-335 continues to outlaw residency and voting eligibility as a peace officer qualification, and Bogard maintains the 1980 amended KRS 95.440(2) in turn impliedly repealed KRS 15.335 and that the residency and voting eligibility requirement it banned had been resurrected.

Appellee's reliance on 1A Sutherland, *Statutes and Statutory Construction,* § 23.29 (4th ed. 1972) that deals with the effect of reenactment of a statute on intermediate acts is misplaced. The rules of statutory construction applicable to our situation are contained in § 23.28 of that work which is entitled "repeal and reenactment."

The first rule is:

The reenactment of a statute which has been repealed by specific provision, or by implication from later legislation upon the subject matter invalidates the previous repeal and restores the statute to effective operation.

---

1. "Officers" referred to in Section 234 of the Kentucky Constitution are only those directly named and designated in the Constitution. *City*

*of Newport v. Schindler,* Ky., 449 S.W.2d 17 (1970).

As noted above, the voting eligibility qualifications for peace officers of the then KRS 95.440(2) was repealed by implication in 1968 by the enactment of KRS 15.335. The 1980 enactment of the amendment to KRS 95.440(2) by implication invalidates that repeal.

The second applicable rule, however, limits the repeal by implication to some extent. It provides:

> .... When, however, an existing statute is reenacted by a later statute, in substantially the same terms, a repeal by implication is effectuated only of those provisions which are omitted from reenactment, while the unchanged provisions which are reiterated in the new enactment are construed as having been continuously in force....

*See Grieb v. Jefferson County Fiscal Court,* 249 Ky. 659, 61 S.W.2d 285 (1933). The enactment of the 1980 amendment to KRS 95.440(2) was in substantially the same terms as the then KRS 95.440(2) repealed by implication by the enactment of the 1968 KRS 15.335 concerning the voter eligibility qualification. The only change was to add police officers of urban county governments to those officers affected by the act.

At first blush, therefore, it would seem that the unchanged term of "voter eligibility" continued in force to the same degree as before, i.e. that it had been impliedly repealed by the 1968 enactment of KRS 15.335. This interpretation, however, is absurd when one considers that such would give a negative "continuing in force" effect to an affirmative "continuing in force" effect requirement of the rule.

■ The absurdity of this interpretation is enhanced when we consider another basic rule of statutory interpretation. It is presumed that the legislature is acquainted with the law on the subjects on which it legislates and is informed of previous legislation and of the construction that it has previously received. *See Schooler v. Commonwealth,* Ky.App., 628 S.W.2d 885 (1982). Where the legislature has made no exception to the positive terms of a statute, the presumption is that it intended to make

none, and it is not the province of a court to introduce an exception by construction. *Hawley Coal Company v. Bruce,* Ky., 67 S.W.2d 703 (1934); *Commonwealth v. Boarman,* Ky.App., 610 S.W.2d 922 (1980).

Here, the legislature deliberately considered 3 separate paragraphs of the statute, one of which is that with which we are concerned, in adding police officers of urban county government to each. We cannot deny the application of this latter rule, when we could actually ignore indulging in the statutory speculation it creates, and still determine that the legislature was aware of the provision of: 1) voter eligibility qualification of KRS 95.440(2) before the 1968 enactment of KRS 15.135, 2) its repeal by implication, and 3) its resurrection by implied repeal of KRS 15.135 by the 1980 amendment reenactment of the pre 1968 KRS 95.440(2) voter eligibility qualification.

Another facet of the first issue is posed by another rule of statutory interpretation:

> ... Where two statutes deal with the same subject matter, the one treating it in a particular manner is preferred over the general. This is true where the specific statute is the latter of the two....

*Heady v. Commonwealth,* Ky., 597 S.W.2d 613 (1980); *Schooler, supra.* Here the 1980 KRS 95.440(2), the latter statute of the two, treats the subject in a particular manner, while the 1968 KRS 15.135 treats it in a general manner. Therefore, the 1980 enactment of KRS 95.440(2) is to be preferred.

■ We conclude that the 1980 enactment of the amendment to KRS 95.440(2) repealed by implication the provision of KRS 15.135, and Tolson, because he was not a qualified voter in Boyle County, did not qualify as a police officer of the City of Danville at the time he issued the DUI citation against Bogard.

■ The second issue can be dealt with in a more summary manner. If KRS 15.135 had not been impliedly repealed as we have held, there would be no question about the legality of Tolson's issuance of the DUI citation on Bogard. Since all legal requirements would have been met by his appointment he would have functioned as a

"de jure" officer. We agree with the Commonwealth in that the trial court did not find Tolson to be a "de jure" officer. In its order it stated that his actions "were those of an officer de jure" not that he functioned as one. He was a "de facto" officer—that is he was acting under color of authority and as far as the public or third persons are interested, acting as if he were a "de jure" officer. *See Trimble County Fiscal Court v. Trimble County Board of Health,* Ky.App., 587 S.W.2d 276 (1979). As such his official acts, performed in good faith, are made valid from motives of public policy to preserve third persons' and the general public's rights. His acts cannot be attacked in a collateral proceeding. *Healy v. City of Covington,* Ky., 202 S.W.2d 725 (1947). *See also Burkhart v. Blanton,* Ky., 635 S.W.2d 328 (1982). The logic of Bogard's conclusion and argument that validating Tolson's actions does not preserve the rights of the general public, completely escapes us. Any criminal citation or charge, including DUI, is prosecuted by the Commonwealth on behalf of the general public. Dismissal of those charges by the district court certainly was against the interests of the general public.

We conclude, therefore, that Tolson's citation of Bogard was not invalid and the district court's dismissal of the charges was inappropriate. Since the dismissal of the charges was pursuant to Bogard's own preliminary motions and prior to the empaneling of a jury or an announcement of readiness, it did not constitute jeopardy. This case should be remanded to the Boyle County District Court for reinstatement and trial of the DUI charges against Bogard.

The order of the Boyle Circuit Court is AFFIRMED and this case is REMANDED to the Boyle County District Court for proceedings consistent with this opinion.

REYNOLDS, J., concurs.

HAYES, C.J., concurs by separate opinion.

HAYES, Chief Judge, concurring:

I concur in the result reached by the majority. I would hold, however, that KRS 95.440(2) effective as of July 15, 1980 is constitutionally impermissible as there is no rational or reasonable basis for the "qualified voter" requirement nor is there any compelling state interest for such a requirement. Therefore, KRS 15.335 as enacted in 1968 is still effective and applies here.