521 P.2d 151

STATE of Arizona, Appellee,

v.

Mario CORRAL, Appellant.

No. 2 CA–CR 356.

Court of Appeals of Arizona,
Division 2.

April 18, 1974.

Rehearing Denied May 22, 1974.

Review Denied June 11, 1974.

Gary K. Nelson, Atty. Gen. by Shirley H. Frondorf, Special Asst. Atty. Gen., and Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Frederick S. Klein and Charles J. Babbitt, Deputy Public Defenders, Tucson, and Jeffrey W. Hanes, Certified Law Student pursuant to Rule 28(e), Rules of the Supreme Court, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant-defendant was charged by indictment with two counts of burglary in November, 1972. He became 21 years of age in April, 1973. Pursuant to a plea bargain, defendant pleaded guilty to one count (the other was dismissed) in July, 1973. Sentencing, set for July 31st, was continued until August 3rd for the express purpose of allowing the sentencing court time to inquire into defendant's juvenile record.

During the continuance, the judge found that defendant's juvenile record had been destroyed, apparently pursuant to A.R.S. § 8–247. He conversed with two probation officers at the Juvenile Center who remembered defendant, obtained a file on the defendant pertaining to juvenile matters from the Department of Corrections, and interviewed defendant's juvenile parole officer from the Department of Corrections. At the August 3rd hearing, the parole officer was available for cross-examination and the records from the Department of Corrections together with two presentence reports compiled by probation officers were turned over to defendant's counsel. Nothing indicates that the two probation officers contacted by the court could not have been available for examination upon request.[1] No mitigation hearing pursuant to former Rule 336, Rules of Criminal Procedure, 17 A.R.S. was requested.

Basing his decision in part upon defendant's extensive juvenile record, his opportunity for rehabilitation when granted parole as a juvenile and the judge's (while serving as juvenile court judge) own recommendation at one point in time during his parole that it be continued after a parole violation, the judge sentenced defendant to a term of from two to four years in the Arizona State Prison. The judge also

had before him a list of adult police contacts with the defendant taken from police reports and listed in the presentence reports prepared for the court.

Defendant's first contention is that his constitutional right to due process was violated when the trial court considered his juvenile record prior to passing sentence. He reasons that because a juvenile is not afforded all the rights of an adult accused of a crime, "fundamental fairness" dictates that these records not be reviewed before passing sentence upon one convicted of crime.

Defendant argues that A.R.S. § 8–207(C) is unconstitutional since it specifically provides that a court may consider juvenile records in "dispositional proceedings after conviction of a felony for the purposes of a presentence investigation and report."[2]

Even before A.R.S. § 8–207(C) was enacted (Laws 1970, Chap. 223, § 2), our Supreme Court specifically held that a sentencing court could review a presentencing report containing references to a convict's juvenile record which had been compiled by the police department. State v. Fierro, 101 Ariz. 118, 416 P.2d 551 (1966). Defendant urges that we ignore this decision because the court did not "consider objections founded upon the due process clause" but only held that a review of juvenile records for sentencing purposes did not violate a statute providing that the disposition of a child by the juvenile court is inadmissible as evidence in any non-juvenile court proceeding. See former A.R.S. § 8–228 (repealed Laws 1970, Chap. 223, § 1).

Defendant has cited no authority in support of his claim that his constitutional rights have been violated. Neither has our research disclosed any case or authority even suggesting a denial of due process upon an examination by the trial court of

---

1. We are satisfied that defendant had access to all material considered by the sentencing judge as required by State v. Pierce, 108 Ariz. 174, 494 P.2d 696 (1972).

2. The policy of A.R.S. § 8–207(C) is supported by A.R.S. § 8–247(A)(2), which provides

that juvenile court records, upon the juvenile's reaching the age of majority, cannot be destroyed if a proceeding is pending seeking the subject's conviction of a crime.

a convicted adult offender's juvenile record for purposes of sentencing.

The United States Supreme Court has squarely held that the sentencing court can, consistent with the Due Process Clause, "consider responsible unsworn or 'out-of-court' information relative to the circumstances of the crime and to the convicted person's life and characteristics." Williams v. State, 358 U.S. 576, 584, 79 S.Ct. 421, 426, 3 L.Ed.2d 516, 521–522 (1959).[3] See Williams v. People of State of New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), the landmark decision in this area, for an exhaustive discussion of both the history and the utility of a sentencing court's consideration of information compiled in presentence reports.

We cite just two examples of past adult conduct which courts have held properly considered by sentencing courts. In Williams v. People of State of New York, supra, the United States Supreme Court found that the sentencing judge properly considered certain burglaries for which the offender had not been convicted but only "identified as the perpetrator" as well as activities of the offender showing that he possessed a "morbid sexuality". (337 U.S. at 244, 69 S.Ct. at 1081, 93 L.Ed. at 1340). In State v. Griswold, 101 Ariz. 577, 422 P. 2d 693 (1967), cert. den. sub nom. Griswold v. Arizona, 388 U.S. 913, 87 S.Ct. 2113, 18 L.Ed.2d 1352 (1967), our Arizona Supreme Court held it proper for the trial court to consider statements that the defendant had once threatened the life of his son before sentencing him for the crime of murder.[4]

■ If a defendant's past conduct as an adult can constitutionally be considered by the sentencing court without proof beyond a reasonable doubt that this conduct occurred, then conduct as a juvenile may also be considered. Due process considerations in sentencing, as noted above, do not require that the defendant be constitutionally tried and convicted of prior *adult* criminal conduct before the court may consider it in assessing a suitable sentence. We see no constitutional requirement that a different rule should apply to prior juvenile conduct. Accordingly any lack of rights accorded to juvenile offenders is constitutionally irrelevant in determining whether a defendant's conduct as a juvenile may serve as a basis of aggravating or mitigating his sentence as an adult.

Defendant cites United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972) wherein a defendant's sentence was vacated because the sentencing judge had considered two prior convictions without knowledge of their constitutional infirmity because of lack of representation by counsel. See Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Defendant argues that since the trial court in *Tucker* could not consider these unconstitutional convictions, the court below should not have been allowed to consider juvenile adjudications made without affording the juvenile a full panoply of constitutional guarantees. However, in *Tucker,* the court did not hold that the sentencing court could not consider the unconstitutional convictions, but merely held that the trial court's consideration of them for sentencing purposes *without knowledge that they were unconstitutionally obtained* violated due process (404 U.S. at 448, 92 S.Ct. at 592, 30 L.Ed.2d at 597).

Here, on the other hand, it is evident that the sentencing court was fully aware that defendant's juvenile record was compiled under this state's juvenile justice process to which certain rights afforded adult offenders might not extend. See *Pima County Anonymous, Juvenile Action J 24818–2,* 110 Ariz. 98, 515 P.2d 600 (1973).

---

3. It is of interest that in Williams v. State, the court upheld the sentencing court's consideration of FBI files which contained several references to the defendant's juvenile record. (358 U.S. at 580, 79 S.Ct. at 424, 3 L.Ed.2d at 519, n. 4).

4. A wide collection of cases dealing with a sentencing court's right to consider other offenses committed by defendant is found in Annot. 96 A.L.R.2d 768 (1964).

Defendant further argues that since his juvenile court records were destroyed pursuant to A.R.S. § 8–247 when he reached age 21, a few months prior to his sentencing, these records should not have been considered by the sentencing court. First, it is apparent that these records were destroyed in violation of A.R.S. § 8–247(A)(2) since he had been indicted prior to their destruction. See note 2, supra. Second, A.R.S. § 8–207(C), providing that "[t]he *disposition* of a child in the juvenile court . . . ." (emphasis added) may be considered by a court sentencing him as an adult, does not conflict with A.R.S. § 8–247, providing that the juvenile court "files and records" may be destroyed under certain circumstances. The latter section applies only to the juvenile court files and records, not records compiled by other agencies regarding the juvenile offender. The former section, in allowing the disposition of a child to be considered by the sentencing judge, encompasses memories of the judge, police and probation officers, as well as records kept by the Department of Corrections and law enforcement agencies (non-juvenile court records) which have not been destroyed. Therefore, although defendant's juvenile court records have been destroyed pursuant to A.R.S. § 8–247, evidence as to his experience in our juvenile justice system from other sources may be considered by the sentencing court pursuant to A.R.S. § 8–207(C).[5]

Defendant next contends, citing Baker v. United States, 388 F.2d 931, 934 (4th Cir. 1968), that due process requires that the court only consider a conviction or criminal charge "referable to an official record." Even assuming that the *Baker* decision is correct,[6] we do not see where the court in this case could have consid-

ered any matters not referable to official records. Although the juvenile court records were destroyed, this does not render the Department of Correction's records concerning defendant's juvenile history "unofficial". Neither are excerpts from police reports contained in the presentence reports "unofficial records".

Finally, defendant's contention that the consideration of information from the police reports based upon police contacts violated his right to due process has been rejected by us in State v. Dixon, 21 Ariz. App. 517, 521 P.2d 148 (filed April 17, 1974).

Affirmed.

KRUCKER and HOWARD, JJ., concur.

---

5. It should be noted that under A.R.S. § 8–207(C) this is the only purpose for which any evidence as to a person's juvenile record can be admitted into a court other than juvenile court.

6. We note that the supreme court in Williams v. State, supra, held that a sentencing court could consider any responsible unsworn or "out-of-court" information relative to the convicted person's life and characteristics. Moreover *Baker* has not been adopted in other circuits. See United States v. Weston, 448 F.2d 626, 633 n. 1 (9th Cir. 1971).