[Crim. No. 18251. First Dist., Div. One. Apr. 30, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
OLIVER TAYLOR, Defendant and Appellant.

## COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Clifton R. Jeffers, Chief Assistant State Public Defender, Carol Jean Ryan and Thomas N. Griffin, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Alvin J. Knudson and David D. Salmon, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.\***—This is an appeal from a judgment sentencing defendant Oliver Taylor to state prison after a jury found him guilty of possessing heroin for sale (Health & Saf. Code, § 11351).

\*Before Racanelli, P. J., Elkington, J., and Newsom, J.

Defendant's contention that the trial court erred in basing its sentence in part on facts relating to him, as opposed to the crime, is rejected in light of *People* v. *Cheatham* (1979) 23 Cal.3d 829, [153 Cal.Rptr. 585, 591 P.2d 1237].

■ The argument that the court erred in aggravating defendant's sentence in part on the basis of his arrest record is likewise rejected. ■ Penal Code section 1170, subdivision (b), states that in determining whether aggravating or mitigating circumstances exist, the court "may" consider the record in the case and the probation officer's report. These materials traditionally contain arrest data; thus, the statute contemplates such usage. We emphasize, however, that arrests not factually supported should be excluded from such materials (see *People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 719 [135 Cal.Rptr. 392, 557 P.2d 976]; § 12.5(a)(1), Standards Jud. Admin.).

■ ■■■ ■ Additionally, California Rules of Court, rule 408, states that criteria "reasonably related" to the decision being made may also be considered.[1] Arrest data is reasonably related to various criteria which the rules mandate the court to consider (rule 409), and it can be considered so long as it is not presented in a misleading manner (see *People* v. *Phillips* (1977) 76 Cal.App.3d 207, 213-215 [142 Cal.Rptr. 658]; cf. *People* v. *Calloway* (1974) 37 Cal.App.3d 905, 908-909 [112 Cal.Rptr. 745]). The data here was not presented in a misleading manner, and we cannot find anything in the record to support defendant's claim that the court was misled in any way.

Judgment affirmed.

On May 29, 1979, the opinion was modified to read as printed above.

---

[1]Defendant notes that rule 408 is merely a "catchall" which does not discuss whether arrest data is reasonably related to certain criteria, including prior felony convictions, which are specifically mentioned in rule 421(b). Rule 408 does not discuss any criteria, however, and its intent is to leave the consideration of additional criteria within the discretion of the sentencing court, subject to the reasonable relationship requirement. Also, the fact rule 414 mentions both a criminal record and felony convictions as factors which must be considered in the probation context (rule 409) does not mean that the court may not at its discretion consider related criteria under rule 421(b) in addition to the mandated consideration of prior convictions.