[Crim. No. 10496. Third Dist. July 16, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
CARL BENJAMIN HUBBELL, Defendant and Appellant.

COUNSEL

Richard Keith Corbin, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Gregory W. Baugher and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

CARR, J.—Pursuant to a plea bargain, defendant entered a plea of guilty to kidnaping. (Pen. Code, § 207.) His appeal attacks the sentence imposed on the judgment of conviction; he asserts the court erred in sentencing him to the upper term.

## I

■ Initially, defendant contends the sentencing court erred in considering his juvenile record as a circumstance in aggravation. Since the purpose behind the juvenile system is rehabilitation, not punishment and since defendant was not afforded a jury trial in his juvenile adjudication, defendant contends he is improperly being punished for acts he committed as a juvenile. As we shall explain, this contention is meritless.

Defendant is not being punished for the crime he committed as a juvenile.[1] The sentencing court properly considered his juvenile record in making its determination on the appropriate punishment for the charge to which defendant entered a plea of guilty. In *People v. Cheatham* (1979) 23 Cal.3d 829 [153 Cal.Rptr. 585, 591 P.2d 1237], the Supreme Court upheld the validity of California Rules of Court, rules 421(b) and 423(b), providing for consideration of "facts relating to the defendant" as circumstances in aggravation or mitigation of a crime. (*Id.*, at p. 836.) Noting that a sentencing court may properly consider all aspects of a probation officer's report, which often includes not only the circumstances surrounding the crime but also the prior history and record of the defendant, the *Cheatham* court reached the obvious conclusion: "[T]he *Legislature intended the sentencing court to consider the defendant's prior history and record...*in determining whether there are circumstances that justify imposition of the upper or lower term." (*Ibid*; see also *People v. Betterton* (1979) 93 Cal.App.3d 406, 415-416 [155 Cal.Rptr. 537]; italics added.) The defendant in *Cheatham* was an adult and the prior record considered was an adult record.

We have before us a juvenile record which defendant argues may not be considered because of the difference between juvenile and adult proceedings. An adjudication of wardship for a juvenile pursuant to section 602, Welfare and Institutions Code, is not a criminal proceeding and does not constitute a conviction. A dispositional order following a finding of wardship is not a sentence. (See *In re Mitchell P.* (1978) 22 Cal.3d 946 [151 Cal.Rptr. 330, 587 P.2d 1144]; *People v. Allen* (1978) 77 Cal.App.3d 924 [144 Cal.Rptr. 6]; *In re Tony S.* (1978) 87 Cal.

---

[1]Defendant was previously committed to the California Youth Authority for violating Penal Code section 187 (murder). He was paroled from the Youth Authority for six months prior to committing the present kidnaping offense.

App.3d 429 [151 Cal.Rptr. 84].) The purpose of juvenile proceedings is rehabilitation, not punishment. (*In re Dennis J.* (1977) 72 Cal.App.3d 755 [140 Cal.Rptr. 463].) The express legislative intent of the determinate sentencing laws is punishment, not rehabilitation. (Pen. Code, § 1170, subd. (a)(1).) The juvenile is not afforded the jury trial inherent in an adult offender's rights. Defendant urges these nonpenal attributes of juvenile law preclude consideration of a juvenile record in sentencing an adult offender.

Defendant has not cited nor have we discovered any authority holding, or implying, that consideration of an adult offender's juvenile record violates any concept of fundamental fairness. In fact, the Arizona Supreme Court has rejected this precise contention, concluding that consideration by a sentencing court of a convicted adult offender's juvenile record does not violate due process. (*State* v. *Corral* (1974) 21 Ariz.App. 520 [521 P.2d 151].) We agree with this conclusion.

There are few limitations on what a sentencing court can and should consider at time of sentencing. (See Pen. Code, §§ 1170, subd. (b), 1203, subds. (a), (b); Cal. Rules of Court, rules 408(a), 414, 421, 423; *People* v. *Cheatham, supra,* 23 Cal.3d at pp. 835-836; *People* v. *Warner* (1978) 20 Cal.3d 678, 684-688 [143 Cal.Rptr. 885, 574 P.2d 1237]; *People* v. *Taylor* (1979) 92 Cal.App.3d 831, 833 [155 Cal.Rptr. 62]; *People* v. *Guevara* (1979) 88 Cal.App.3d 86, 92-94 [151 Cal.Rptr. 511]; Judicial Council of Cal., Annual Rep. (1978) pp. 14-16.) The circumstances surrounding the crime itself are valid considerations in determination of the proper sentence (see Cal. Rules of Court, rules 421(a), 423(a)), even where, for example, the jury has not made a finding that the crime involved the "threat of great bodily harm" (Cal. Rules of Court, rule 421(a)(1)) or that "defendant took advantage of a position of trust or confidence to commit the offense." (Cal. Rules of Court, rule 421(a)(12).) The United States Supreme Court held that a sentencing court can, consistent with due process, "consider responsible unsworn or 'out-of-court' information relative to the circumstances of the crime and to the convicted person's life and characteristics." (*Williams* v. *Oklahoma* (1959) 358 U.S. 576, 584 [3 L.Ed.2d 516, 521-522, 79 S.Ct. 421] cited with approval in *People* v. *Arbuckle* (1978) 22 Cal.3d 749, 754 [150 Cal.Rptr. 778, 587 P.2d 220]; see also *People* v. *Betterton, supra,* 93 Cal.App.3d at p. 414; *People* v. *Valdivia* (1960) 182 Cal.App.2d 145, 148 [5 Cal.Rptr. 832].) The California courts have consistently upheld a sentencing court's consideration of a defen-

dant's prior arrests which did not lead to conviction, and evidence of police contacts not leading to arrest or conviction, provided such information is not presented in a misleading manner and is factually supported. (See *People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 719 [135 Cal.Rptr. 392, 557 P.2d 976]; *Loder* v. *Municipal Court* (1976) 17 Cal.3d 859, 867-868 [132 Cal.Rptr. 464, 553 P.2d 624], cert. den. 429 U.S. 1109 [51 L.Ed.2d 562, 97 S.Ct. 1143]; *People* v. *Taylor, supra*, 92 Cal.App.3d at p. 833; *People* v. *Phillips* (1977) 76 Cal.App.3d 207, 213-215 [142 Cal.Rptr. 658].)

The convincing authorities hold that due process considerations in sentencing do not require that a defendant be tried and convicted of prior adult criminal conduct before a court may consider such conduct in sentencing. (See *State* v. *Corral, supra*, 21 Ariz.App. 520 [521 P.2d at p. 153.].) And, if a defendant's past conduct as an adult can constitutionally be considered, even without admissible proof that such conduct occurred, a fortiori, conduct as a juvenile, which must be proven beyond a reasonable doubt, may also be considered. (*Ibid.*) Moreover, "any lack of rights accorded to juvenile offenders is constitutionally irrelevant in determining whether a defendant's conduct as a juvenile may serve as a basis of aggravating or mitigating his sentence as an adult." (*Ibid.*)

We note further that sound policy supports a sentencing court's consideration of a defendant's juvenile record in assessing a suitable sentence.

The need to protect society from persons who have demonstrated an inability to reform and obey the law is of paramount concern. (*People* v. *Warner* (1978) 20 Cal.3d 678, 689 [143 Cal.Rptr. 885, 574 P.2d 1237]; see Cal. Rules of Court, rule 410(a); see also, Welf. & Inst. Code, § 202, subd. (b).) A defendant's juvenile record may reveal a pattern of lawbreaking and a lack of response to previous rehabilitative efforts (*People* v. *McFarlin* (1973) 389 Mich. 557 [208 N.W.2d 504, 513, 64 A.L.R.3d 1274]); thus, a sentencing court's consideration of factors relating to a defendant's life, characteristics, background and behavior during his juvenile years is essential to an informed sentencing decision. (*Berfield* v. *State* (Alaska 1969) 458 P.2d 1008, 1011.) "To deprive the Courts of the right to be informed of and to consider the history and background of the person subject to sentence may result in sentences which are unjust and unfair to both society and defendants."

(*Commonwealth* v. *Myers* (1958) 393 Pa. 224 [144 A.2d 367, 371]; see *Williams* v. *Oklahoma, supra,* 358 U.S. 576, 585-586 [3 L.Ed.2d 516, 522-523]; *Williams* v. *New York* (1949) 337 U.S. 241, 246-252 [93 L.Ed. 1337, 1341-1345, 69 S.Ct. 1079]; *People* v. *Cheatham, supra,* 23 Cal.3d at pp. 835, 837; *In re Rodriguez* (1975) 14 Cal.3d 639, 654-655 [122 Cal.Rptr. 552, 537 P.2d 384]; *In re Lynch* (1972) 8 Cal.3d 410, 425 [105 Cal.Rptr. 217, 503 P.2d 921].)

We recognize the policy behind the juvenile court law is not to punish a minor for his lawbreaking activities, but rather to protect him from the stigma of his wrongdoing in his efforts to rehabilitate himself (see Welf. & Inst. Code, §§ 202, 203, 245.5; *In re Aline D.* (1975) 14 Cal.3d 557, 567 [121 Cal.Rptr. 816, 536 P.2d 65]; *T.N.G.* v. *Superior Court* (1971) 4 Cal.3d 767, 775 [94 Cal.Rptr. 813, 484 P.2d 981]; *In re Darryl T.* (1978) 81 Cal.App.3d 874, 881-883 [146 Cal.Rptr. 771]; *In re Michael R.* (1977) 73 Cal.App.3d 327, 337 [140 Cal.Rptr. 716]). We find no inconsistency, however, between a legislative policy designed to protect and rehabilitate *juvenile* offenders and the legislative determination that a sentencing court can and should consider the probation report at time of sentencing an *adult* offender, a report which invariably contains reference to a defendant's juvenile record. *"When he is no longer a child and when it is demonstrated by his conviction that he has not rehabilitated himself, there is no longer any reason to preclude the use of the evidence in the juvenile proceedings for the purpose of fixing his sentence."* (*Mitchell* v. *Gladden* (1961) 229 Ore. 192 [366 P.2d 907, 909]; italics added.)

To accept defendant's contention would put blinders on the sentencing courts—forcing them to treat that phase of defendant's life before reaching 18 years of age as though it did not exist. (*Berfield* v. *State, supra,* 458 P.2d at p. 1011.) Such cannot be the law. "[T]he policy of the law in this area is to forgive, not to forget." (*Massey* v. *State* (Del. Sup. 1969) [256 A.2d 271, 273].)

We conclude it is not only a legislative mandate, but also a constitutionally permissible and sound policy for a sentencing court to take into consideration an adult offender's juvenile record in determining the appropriate sentence to impose. Defendant's contention must be rejected.[2]

---

[2]This analysis also disposes of defendant's assertion that the sentencing court improperly considered his status on parole from the Youth Authority as a circumstance in aggravation. (See Cal. Rules of Court, rule 421(b)(4).)

## II

■ Defendant asserts the record does not support the finding that the victim was "particularly vulnerable." (Cal. Rules of Court, rule 421(a)(3).) We disagree. Defendant offered his victim a ride, then drove past her intended destination, refusing to stop and allow her to exit the vehicle. Numerous times the victim attempted to open the passenger door and jump, but each time defendant grabbed her by the hair and pulled her away from the door. At one point defendant threatened to kill her if she attempted to jump from the vehicle. Being trapped in the vehicle with defendant rendered the victim "defenseless, . . .assailable, one. . .susceptible to the defendant's criminal act." (*People v. Smith* (1979) 94 Cal.App.3d 433, 436 [156 Cal.Rptr. 502].) The record supports the finding the victim was "particularly vulnerable."

## III

Finally, defendant contends the circumstances in aggravation properly considered by the court were outweighed by the factors in mitigation submitted by defendant. We have examined defendant's alleged mitigating circumstances. At best, the list is composed of factors so irrelevant or insignificant that they would hardly call for imposition of the lower term of imprisonment absent any factors in aggravation.[3]

The circumstances in aggravation cited by the court are both numerous and supported by substantial evidence.[4] In contrast, the only mitigating factor warranting consideration is defendant's history of psychiatric problems. The sentencing court was fully aware of defendant's

---

[3]For example, defendant cites his lack of a prior adult criminal record. He glosses over the fact that he was incarcerated in the Youth Authority when he became an adult, and, within six months of his release from the Youth Authority, committed the present offense. Defendant notes that when his victim asked him to remove his hand from her leg, he complied; he ignores the force used on his victim to prevent her from escaping, and his threats to kill her if she continued to try to escape. Finally, defendant asserts he did not use any force on the victim after she exited his vehicle; this was very kind of defendant, since the victim was forced to jump from defendant's *moving* vehicle to escape his criminal conduct. Other factors on defendant's list of mitigating circumstances are similarly unimpressive.

[4]The circumstances cited in aggravation are: "[T]he present offense involved a threat of great bodily harm to the victim; second, the vulnerability of the victim; specifically, the circumstances in which she was placed in a position of danger as reflected by this offense; third, the prior pattern of violent conduct showing him to be a serious danger to others, and lastly, the fact that he was on parole at the time of the commission of this offense."

mental condition and presumably deemed this factor outweighed by the factors cited in aggravation. In the absence of a clear showing that its sentence choice was arbitrary or irrational, we must presume the sentencing court acted properly. (See *People* v. *Giminez* (1975) 14 Cal.3d 68, 72 [120 Cal.Rptr. 577, 534 P.2d 65].)

The judgment is affirmed.

Puglia, P. J., and Paras, J., concurred.

A petition for a rehearing was denied August 11, 1980.