Opinion
BERNSTEIN, J.—In
this appeal, we examine a Whittier Municipal Court “policy” for sentencing defendants convicted of violating subdivision (b) of section 23152 of the Vehicle Code (driving with a blood-alcohol level of 0.10 percent).[1]
 We conclude that the policy in question violates the right of defendants to individualized sentencing and due process.
*Supp. 3 Appellant Justice entered a plea of nolo contendere to the charge of violating subdivision (b) of section 23152. At the time of sentencing, he requested probation pursuant to section 23161.[2] If a court decides to place a defendant on probation for a first time conviction of subdivision (b) of section 23152, it has two options: 1) sentence the defendant to a minimum of 48 hours in county jail or 2) restrict the driving privilege for 90 days. In addition, the court can impose a fine under either option.
The trial court granted the appellant’s request for probation but denied his request for the license restriction rather than the 48 hours jail time. The court based its decision on a policy which provides as follows: “It is the policy of the court and the District Attorney that there will be no license suspension option open to defendants on a first offense deuce on the date of trial if the matter has been pretried.” The appellant was placed on probation under the following conditions: that he attend a level I alcohol school, pay a fine of $390, plus a penalty of $272, and serve two days in custody.
It is well established that in sentencing a defendant, the trial judge is required to exercise discretion and impose a sentence based on the singular aspects of the case. In Pennsylvania v. Ashe (1937) 302 U.S. 51 [82 L.Ed. 43, 58 S.Ct. 59], the defendant challenged a state law authorizing the sentencing court to imprison convicts convicted of breaking out of the penitentiary for a period not to exceed the original sentence. In his petition for a writ of habeas corpus, Ashe argued that the law violated the equal protection clause of the federal Constitution because it permitted the trial judge to mete out different terms for two convicts who escape under identical circumstances. (Id., at p. 55 [82 L.Ed. at p. 46].) The offender’s past, the court suggested, “indicate[s] his present purposes and tendencies and . . . suggests] the period of restraint and the kind of discipline that ought to be imposed on him.” (Ibid.)
*Supp. 4 A practice, such as the Whittier court policy at issue, effectively removes the discretion of the trial judge to fashion a punishment which reflects both the peculiar circumstances of the crime and the characteristics of the defendant. (See People v. Cheatham (1979) 23 Cal.3d 829, 835 [153 Cal.Rptr. 585, 591 P.2d 1237]; People v. Lock (1981) 30 Cal.3d 454, 457, fa. 5 [179 Cal.Rptr. 56, 637 P.2d 292]; cf. People v. Arnold (1976) 58 Cal.App.3d Supp. 1, 7 [132 Cal.Rptr. 922].)
In In re Lewallen (1979) 23 Cal.3d 274 [152 Cal.Rptr. 528, 590 P.2d 383, 100 A.L.R.3d 823], the California Supreme Court vacated the sentence of a defendant who received much harsher punishment upon conviction after trial than the negotiated sentence offered him under a plea bargain. The court in Lewallen observed that: “Just as a trial judge is precluded from offering an accused in return for a guilty plea a more lenient sentence than he would impose after trial, ... so he is precluded from imposing a more severe sentence because the accused elects to proceed to trial. Trial courts may not thus chill the exercise of the constitutional right to trial by jury.” (Id., at p. 281.) The Whittier court policy at issue permits the trial court to impose a harsher sentence because the defendant exercised his right to plead “not guilty” and proceed to trial. This practice violates the right to trial by jury. (Ibid.; People v. Superior Court (Feldmann) (1976) 59 Cal.App.3d 270, 276 [130 Cal.Rptr. 548]; People v. Morales (1967) 252 Cal.App.2d 537, 544-547 [60 Cal.Rptr. 671].)
We conclude that the Whittier court policy in penalizing defendants who do not plead at an early stage of the proceedings infringes on the right to trial by jury and in limiting the trial court’s discretion in the determination of sentence violates the established principle of individualized sentencing. We cannot tolerate a sentencing procedure which limits the trial court’s discretion or is based on improper considerations which deny offenders the right to individualized treatment. We find equally offensive any efforts to facilitate court processes by offering offenders a bonus for an early plea and a penalty for a “not guilty” plea.
We, therefore, hold that the Whittier court policy is clearly improper and an abuse of the trial court’s discretion.
The judgment is modified as to sentence and as modified is affirmed. Upon remand the trial court is instructed to set aside the sentence and to resentence defendant/appellant in accordance with the views expressed in this *Supp. 5 opinion. (People v. Bolton (1979) 23 Cal.3d 208, 218 [152 Cal.Rptr. 141, 589 P.2d 396].)
Reese, P. J., and Cooperman, J., concurred.

All statutory references are to the Vehicle Code.

Section 23161, in pertinent part, provides: “(a) If the court grants probation to any person punished under Section 23160, in addition to the provisions of Section 23206 and any other terms and conditions imposed by the court, the court shall impose as a condition of probation that the person be subject to one of the following:
“(1) Be confined in the county jail for at least 48 hours but not more than six months and pay a fine of at least three hundred ninety dollars ($390) but not more than five hundred dollars ($500). The court may order the Department of Motor Vehicles to suspend the privilege to operate a motor vehicle pursuant to paragraph (1) of subdivision (a) of Section 13352 when this condition of probation is imposed.
“(2) Pay a fine of at least three hundred ninety dollars ($390) but not more than five hundred dollars ($500) and have the privilege to operate a motor vehicle restricted for 90 days to necessary travel to and from that person’s place of employment and to and from the treatment program described in subdivision (b) and, if driving a motor vehicle is necessary to perform the duties of the person’s employment, restricted to driving in that person’s scope of employment.”